# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| GARY ANTHONY CARTER, JR., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | CV422-288 | |
| ) | | |
| WINSTON MOCK, and ) | | |
| SERGEANT LOCKETT, ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER

In April, the Court noted procedural missteps in this case. *See generally* doc. 39. Specifically, the Court noted that Defendant Lockett was in default. Doc. 39 at 2-3. The Court stayed all deadlines in the case for a limited period to permit proceedings on Lockett's default. *Id*. at 6-7. The Clerk was directed to enter a scheduling notice at the termination of that stay. *See id*. at 7. Lockett move to set aside her default. Doc. 43. During the pendency of the stay, Plaintiff filed multiple discovery related motions. *See* docs. 41, 44, 45 & 67. He also filed two motions to amend. Docs. 56 & 61. Although he has filed two motions related to Lockett's default, neither specifically responds to her Motion to Set Aside Default. *See* doc. 57 & 58. That motion, therefore, stands unopposed. *See* S.D.

Ga. L. Civ. R. 7.5.[1] Defendant Mock has filed two motions to dismiss, docs. 46 & 47, to which Carter has responded, albeit only in a cursory fashion, doc. 48 at 1. Finally, despite the Court's instruction, no scheduling notice was entered at the termination of the stay. *See generally* docket. Defendant Mock, based on a deadline imposed in a prior scheduling notice, now seeks to file an "out of time" Motion for Summary Judgment." Doc. 72.

First, the Court must address Defendant Lockett's status in this case. As the Court previously explained, because she failed to respond timely, she is in default, notwithstanding her appearance and assertion of defenses. *See* doc. 39 at 2-3; *see also* doc. 40. The entry of default is not dispositive, however. "The court may set aside an entry of default for

---

[1] Carter filed an ambiguous document titled "Motion to Dismiss Case Due to Default." Doc. 58. It states: "Sergeant Juanita Lockett had counsel take her case in defense and the attorneys should have been able to respect the time limits set by the courts in advance." *Id.* at 1. Charitably, that statement is a response to the Motion to Set Aside Default. To the extent that it was intended as a response, however, it does nothing to overcome the Motion's showing of good cause to set aside the default, as discussed below. His suggestion that defendant has somehow defaulted "as a tactic to wait [him] out for an error on [his] behalf," *id.*, is nonsensical. Finally, his assertion that he is somehow entitled to relief against the individual defendants because unidentified Effingham County Jail staff have, allegedly, failed to forward the Court's prior Order concerning payment of his filing fee, *see id.* (asserting the alleged failure "was a continued move to forfeit this action"), is meritless. Since it presents no cognizable request for relief, the Clerk is **DIRECTED** to **TERMINATE** the Motion. Doc. 58.

good cause . . . ." Fed. R. Civ. P. 55(c). As this Court has previously explained:

> While there is no precise formula for assessing "good cause", courts commonly consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir.1996) (citations omitted). These factors are not talismanic, and other factors also may be relevant in making a good cause determination. *Id.* For example, an additional factor that may be relevant is whether the defaulting party acted promptly to correct the default. *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.*

*Wortham v. Brown*, 2015 WL 2152826, at *1 (S.D. Ga. May 7, 2015). The Court has discretion in applying the factors. *See, e.g., Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984) ("Action on a motion to set aside a default is within the discretion of the district court . . . ."). In determining whether a litigant has demonstrated sufficient good cause under Rule 55(c), the Court is mindful of the Eleventh Circuit's "strong preference that cases be heard on the merits." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (internal citation and quotation omitted).

Lockett has established good cause to set aside the default. Lockett's Motion to Set Aside Default states that her failure to respond "was the result of an inadvertent mistake by her counsel." Doc. 43 at 2. Specifically, her counsel "erroneously calculated the applicable 60-day deadline from the date of execution of the service waiver rather than from the date the service waiver was originally dated." *Id.* at 3. She cites to specific authority that an identical mistake was not culpable or willful. *See id.* (citing *Schiavo v. LEB Solutions, LLC*, 2020 WL 13389324, at *1 (M.D. Fla. July 14, 2020)). She has also made unrebutted showings of meritorious defenses and lack of prejudice.[2] *See id.* at 3-4. Her Motion to Set Aside Default is, therefore, **GRANTED**. Doc. 43.

The next issue that the Court must address is Carter's attempts to amend his Complaint. Since Carter has already amended his Complaint, *see* docs. 1 & 12, he can only amend with the Court's leave or the opposing parties' written consent. *See* Fed. R. Civ. P. 15(a)(2). Carter's first Motion to Amend seeks to add Effingham County Sheriff Jimmy

---

[2] As discussed in Footnote 1 above, to the extent that Carter's "Motion to Dismiss Case Due to Default," doc. 58, was intended as a response to Lockett's Motion to Set Aside Default, it does not present any meritorious argument against the analysis above.

McDuffie and the Effingham County Board of Commissioners as defendants. *See* doc. 56. His second Motion to Amend seeks to add a number of individual defendants who he alleges were involved in the failure to respond to his suicidal ideations. *See* doc. 61 at 2-3. Lockett has responded in opposition to both motions, in part, by pointing out that the asserted "right to relief is either unclear or unstated." *See* doc. 63 at 2; doc. 66 at 2. Lockett is correct.

The Eleventh Circuit has explained that "[w]hen moving the district court for leave to amend [a] complaint, the plaintiff must set forth the substance of the proposed amendment or attach a copy of the proposed amendment to its motion. [Cit.] The substance of the proposed amendment serves as the functional equivalent of a copy of the proposed amendment it if is sufficient on its face to inform the Court of the proposal." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277-78 (11th Cir. 2018) (internal quotation marks and citations omitted). Since Carter's motions do not attach any proposed amended complaint, their sufficiency depends upon whether they sufficiently "inform the Court of the proposal." *Id.* They do not. In *Newton*, the Court of Appeals noted that the plaintiffs' motion "merely hypothesizes, in broad strokes, the

kind of amendments that [they] *might* have been able to make." *Id.* at 1278. Carter's first Motion states:

> Due to then unique nature of his duties as Sheriff, civil rights actions constitute an inherent functional hazard of his office and this very likely places him at fault. The Effingham County Board of Commissioners will need to be added for the governing nature of the Board over the Effingham County Sheriff[']s Office.

Doc. 56 at 1. His second Motion promises a subsequent filing will provide "a reason that [he] wish[es] to amend the list of defendants . . . ." Doc. 61 at 1. Those statements, charitably, provide the hypothetical "broad strokes," recognized as insufficient in *Newton*. His Motions are, therefore, **DENIED**. Docs. 56 & 61.

Despite the insufficiency of Carter's Motions, the fact that he filed them during the pendency of the stay, *see* doc. 39 at 6, and the fact that no superseding scheduling notice was entered as directed, *id.* at 7, merit affording him an opportunity to cure the defects. Since there is no operative scheduling notice in this case, there is no deadline to move to amend the pleadings. Accordingly, it appears that any request to amend is, at this point, governed by Rule 15's permissive standard. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relief upon by a plaintiff may be a proper subject of relief,

6

he ought to be afforded an opportunity to test his claim on the merits."). Since Carter's cursory description of his proposed amendments is insufficient for the Court to evaluate them, it will afford him an opportunity to renew his motion to amend. *See id.* ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Accordingly, the Clerk is **DIRECTED** to enter a scheduling notice. Carter is **DIRECTED** to submit any Motion to Amend his complaint by the deadline established by that notice. The amended complaint will supersede the current complaint and should reassert all claims against all named defendants. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada,* 647 F. 2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original

complaint unless the amendment specifically refers to or adopts the earlier pleading."). The Clerk is **DIRECTED** to send him a blank copy of Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Responses and replies to any motion he files shall be governed by this Court's Local Rules. All other deadlines in this case are **STAYED** pending that deadline or, if he moves to amend, disposition of that motion, whichever is later. Because an amended complaint could render the currently pending motions to dismiss, docs. 46 & 47, moot, *see, e.g., Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n, Inc.*, 637 F. Supp. 3d 1348 n. 4 (S.D. Ga. 2022), the Court will defer consideration of those motions until after the amendment deadline has run or the Court has ruled on any motion to amend.

Carter's remaining motions are all due to be **DISMISSED** as premature. Docs. 41, 44, 45 & 67. As Lockett points out, there is no scheduling notice in this case, so it is unclear whether discovery has commenced. *See, e.g.,* doc. 49 at 1. Moreover, they were filed during the pendency of the previously imposed stay. *Id.* To avoid further procedural confusion, all discovery in this case is **STAYED** pending the scheduling notice's deadline to amend the pleadings or the disposition of any timely

8

motion to amend the complaint, whichever is later.  *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) (district court "has broad discretion to stay proceedings as an incident to its power to control its own docket.").  Carter remains free to refile any discovery motion once that stay is lifted.  The same disposition is appropriate for Carter's Motion for Judgment by Default. Doc. 57.  Despite its title, the Motion seeks default as a sanction for allegedly insufficient discovery.  *See id.* at 2-3.  It is, therefore, also **DISMISSED** as premature.  Doc. 57.

In summary, Lockett's Motion to Set Aside Default is **GRANTED**. Doc. 43.  Carter's motions to amend are **DENIED**.  Doc. 56 & 61.  The Clerk is **DIRECTED** to enter a scheduling notice.  To the extent that Carter wishes to seek leave to amend the operative complaint, he must move to amend within the deadline set by that notice.  All discovery and all other deadlines in this case are **STAYED** pending the scheduling notice's deadline to amend the pleadings or the disposition of any motion to amend, whichever is later.  Carter's motions related to discovery disputes are **DISMISSED** as premature.  Docs. 41, 44, 45, 57 & 67.  Because his Motion to Dismiss Case Due to Default does not request any appropriate relief, the Clerk is **DIRECTED** to **TERMINATE** it.  Doc. 58.

9

Mock's motions to dismiss, docs. 46 & 47, remain pending, but the Court will defer ruling on those motions until after the status of the current pleading is clarified. Given the Court's Order concerning the scheduling notice and stay, Mock's Motion for Leave is **DISMISSED** as moot. Doc. 72.

  **SO ORDERED,** this 29th day of August, 2023.

           _____
           CHRISTOPHER L. RAY
           UNITED STATES MAGISTRATE JUDGE
           SOUTHERN DISTRICT OF GEORGIA