UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GARY ANTHONY CARTER, JR.,  )
　　　　　　　　　　　　　　)
　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　)　　　CV422-288
　　　　　　　　　　　　　　)
WINSTON MOCK, and　　　　　)
SERGEANT LOCKETT,　　　　　)
　　　　　　　　　　　　　　)
　　Defendants.　　　　　　 )

# ORDER

The Court previously directed *pro se* plaintiff Gary Anthony Carter, Jr. to *move* to amend his Amended Complaint within the deadline established by the Clerk's scheduling notice. *See* doc. 73 at 7-8. Instead of filing a Motion, Carter simply filed a second Amended Complaint. *See* doc. 76. Defendant Lockett moved to strike that pleading, on the basis that Carter filed it without her consent and without the Court's leave. *See* doc. 78 at 1-2. Carter has not responded to that Motion. *See generally* docket. His failure to respond is construed as indicating he does not oppose the Motion. *See* S.D. Ga. L. Civ. R. 7.5. Moreover, since Carter has already amended his complaint once, *see* doc. 12, without all parties' written consent or the Court's leave, his second Amended Complaint is

properly stricken.  *See, e.g., Hoover v. Blue Cross and Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988).  The Motion to Strike is, therefore, **GRANTED**.  Doc. 78.  Lockett's Motion to Dismiss that pleading is, therefore, **DISMISSED** as moot.  Doc. 79.

After the Court set aside her default, Locket also moved to dismiss Carter's Amended Complaint.  Doc. 75.  Carter has not responded to that Motion.  *See generally* docket.  This Court has construed a plaintiff's failure to respond to a motion to dismiss as a failure to prosecute the case.  *See, e.g., Anderson v. Augustin*, 2020 WL 7873059, at *2 (S.D. Ga. Dec. 8, 2020), *adopted* 2021 WL 27304 (S.D. Ga. Jan. 4, 2021).  In a prior Order, the Court explicitly warned: "Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss."  Doc. 13 at 11.  This Court has the authority and responsibility to manage its docket.  Pursuant to that authority, a district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006).

Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c).

Carter must, therefore, respond and **SHOW CAUSE** why his Amended Complaint should not be dismissed for failure to prosecute. To the extent that Carter wishes to file his response out-of-time, he must explain his failure to respond timely. Carter is **DIRECTED** to file his response to this Order no later than February 2, 2024. He is advised that failure to respond to this Order timely will result in dismissal of his case for failure to prosecute and to obey the Court's Order. *See, e.g.,* Fed. R. Civ. P. 41(b).

**SO ORDERED,** this 19th day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA